UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHANNON V. CAMPBELL,

                              Plaintiff,                    DECISION AND ORDER

vs.                                                        19-CV-6843 (CJS)

ANTHONY J. ANNUCCI, *Commissioner, DOCCS*,
MR. RANIER, *Tier III Hearing Officer*,
D. VENETTOZZI, *Director of Special Housing,*
in their Individual and Official Capacity,

                              Defendants.

_____

        Plaintiff Shannon V. Campbell, a prisoner in the New York State Department of

Corrections and Community Supervision ("DOCCS") system, filed this action pursuant to

42 U.S.C. § 1983 alleging that Defendants deprived him of several constitutional rights.

Compl., Nov. 15, 2019, ECF No. 1. Following an initial review of his Complaint pursuant

to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), Campbell was permitted to proceed on his

claims against Defendants Ranier and Venettozzi for violation of his due process rights.

Dec. and Order, 9, Apr. 1, 2020, ECF No. 6. The matter is presently before the Court on

Defendants' motion to dismiss the remaining claims for failure to state a claim under Rule

12(b)(6) of the Federal Rules of Civil Procedure. Mot. to Dismiss, Jul. 30, 2020, ECF No.

8. For the reasons stated below, Defendants' motion to dismiss [ECF No. 8] Campbell's

complaint is granted. The Clerk of Court is directed to terminate this action.

LEGAL STANDARD

        At the outset, the Court notes that the purpose of Federal Rule of Civil Procedure

12(b)(6) "is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's

statement of a claim for relief without resolving a contest regarding its substantive merits."

*Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) (emphasis omitted). For instance, an action must be dismissed under Rule 12(b)(6) "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To survive a motion to dismiss under Rule 12(b)(6), on the other hand, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

In evaluating the complaint under Rule 12(b)(6), the court must accept as true all of the plaintiff's factual allegations, and draw all inferences in the plaintiff's favor. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). In addition, it is well-settled that *pro se* litigants are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest, "particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

## BACKGROUND

Campbell filed his complaint on November 7, 2019.[1] Compl., ECF No. 1. As the Court noted in its screening order, Campbell's factual allegations are as follows:

> [Campbell] alleges that he was falsely accused of assaulting his bunkmate, Mr. Jefferson, who actually fell from a stool, on September 27, 2015 . . . . [Campbell] was immediately placed in "keep-lock" pending his disciplinary hearing, which commenced on October 5, 2015 . . . . The hearing officer refused to call [Campbell]'s two witnesses, Correction Officer ("CO") Saunders, who observed both inmates and the condition of their cell after the alleged incident, and Nurse Baskoff, who examined Mr. Jefferson and "was trained" to know the difference between injuries from an accidental fall and an assault . . . .

---

[1] Although the complaint was docketed on November 15, 2019, the complaint was dated November 7, 2019. Under the "prison mailbox rule," a prisoner's filing is deemed "filed" at the moment of delivery to prison authorities. *See, e.g., Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005) (collecting cases).

> The hearing officer "falsely claimed" that CO Saunders was not present on
> the date and time of the incident and that Nurse Baskoff's testimony "was
> not germane to [Campbell's] case." . . . . [Campbell] was found guilty and
> sentenced to six months of special housing unit ("SHU") confinement, which
> ended on March 4, 2016 . . . .

Dec. and Order, 3–4, Apr. 1, 2020, ECF No. 6 (internal citations to the record omitted).

Documents submitted with Campbell's complaint[2] indicate that his disciplinary

hearing ("Tier III hearing") started on October 5, 2015, and resulted in a finding of guilty

of "Violent Conduct" and "Assault on Inmate." Compl. at 97. He was punished with 180

days in the SHU, as well as loss of packages, commissary, and phone privileges. Compl.

at 97. Pursuant to § 253.8 of title 7 of the New York Codes, Rules and Regulations

("NYCRR"), Campbell appealed to the Superintendent, who upheld the hearing

disposition. Compl. at 75. Then, pursuant to § 254.8 of title 7 of the NYCRR, Campbell

appealed the Superintendent's disposition to the DOCCS commissioner, and received a

notice signed by Defendant Venettozzi, the DOCCS commissioner's designee, that he

had reviewed and affirmed the results of the Superintendent's hearing on January 4,

2016. Compl. at 99.

Following Defendant Venettozzi's decision, Campbell submitted a hand-written

petition for reconsideration to Defendant Venettozzi, dated January 12, 2016. Compl. at

101–107. Therein, Campbell alleged that he was denied the opportunity to call two

---

[2] In the Second Circuit, for purposes of motions pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure, "the complaint is deemed to include any written instrument attached to it as an exhibit or any
statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147,
152 (2d Cir. 2002) (citations and internal quotation marks omitted). "Even where a document is not
incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon
its terms and effect, which renders the document "integral" to the complaint." *Id.* (citations and internal
quotation marks omitted).

witnesses, and that his hearing officer was biased, and he submitted a log book that he believed proved the Tier III hearing officer had denied him due process. *Id.* In his response to Campbell's petition, Defendant Venettozzi wrote, "I do not believe that there are sufficient grounds to reconsider the previous decision on that hearing. No further administrative action will be taken. I encourage you to exhibit positive adjustment to expedite your release from confinement." Compl. at 115.

Undeterred, Campbell commenced Article 78 proceedings in state trial court on February 17, 2016. Reply, ¶ 15, Jan. 19, 2021, ECF No. 18. On March 4, 2016, Campbell was released from SHU. Compl. at 7. In May 2016, the Article 78 proceedings were transferred to the state appellate division, and briefing deadlines were set for September 2016. Reply at ¶ 16. Shortly after Campbell had served his Article 78 brief on DOCCS, he received a notice from Defendant Venettozzi that indicated his Tier III hearing disposition had "been reviewed and administratively reversed on November 16, 2016." Compl. at 127.

Nearly three years later, on November 7, 2019, Campbell filed the instant complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants deprived him of his constitutional due process rights. Compl. at ¶ 40–41.

DISCUSSION

Presently before the Court is Defendants' motion to dismiss Campbell's complaint for failure to state a claim. Def. Mem. of Law, 2, Jul. 30, 2020, ECF No. 8-2. In their motion, Defendants maintain that Campbell's complaint fails to state a claim upon which relief may be granted because the due process violations he alleges occurred more than

three years prior to the filing of his complaint, and are therefore barred by the statute of limitations. Def. Mem. of Law at 3.

§ 1983 Claims, Generally

42 U.S.C. § 1983 is not a source of substantive rights, but rather provides a procedure for redress for the deprivation of rights conferred elsewhere. *Forbes v. City of Rochester*, No. 6:18-CV-06700 EAW, 2020 WL 1963139, at *3 (W.D.N.Y. Apr. 6, 2020) (citing *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993)) (internal quotation marks omitted). "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875–76 (2d Cir. 1994)).

"[T]he time at which a claim . . . under [§] 1983 accrues is a question of federal law that is not resolved by reference to state law." *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Instead, federal "courts apply general common–law tort principles to determine the accrual date of a [§] 1983 claim." *Spak*, 857 F.3d at 462 (alterations and internal quotation marks omitted). "As a general rule, § 1983 claims accrue (that is, the statute of limitations begins to run) when the plaintiff 'knew or had reason to know of the injury which is the basis of [his] action.'" *Onibokun v. Chandler*, 749 F. App'x 65, 66 (2d Cir. 2019) (summary order) (quoting *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994)).

The applicable limitations period for claims asserted under 42 U.S.C. § 1983,

however, is borrowed from the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl*, 296 F.3d at 79 (quoting *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)). "For § 1983 actions arising in New York, the statute of limitations is three years." *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994).

Further, "[t]he Supreme Court has instructed that in [§] 1983 actions, we borrow not only a state's limitations period but also its 'tolling rules' . . . unless applying the state's tolling rules 'would defeat the goals of the federal statute at issue'." *Pearl*, 296 F.3d at 80 (quoting *Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 484–86 (1980); and *Hardin v. Straub*, 490 U.S. 536, 539 (1989)). *See also Allaway v. McGinnis*, 362 F. Supp.2d 390, 393 (W.D.N.Y. 2005). New York has codified the circumstances under which limitations may be tolled. *See e.g.*, *Jewell v. Cty. of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990) (citing N.Y. Civil Practice Law & Rules § 204(a), § 207, and § 208). In addition to statutory tolling, "[s]tatutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for her lateness in filing." *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004). With respect to equitable tolling, "[t]he relevant question is not the intention underlying defendants' conduct, but rather whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action." *Id.*

Application to Campbell's Due Process Claim

Campbell alleges that Defendants deprived him of his constitutional rights to due process of law at his Tier III hearing, which resulted in his confinement in the Special Housing Unit ("SHU") for 180 days and the loss of certain other privileges. As the Second

Circuit has held, due process requires that in a disciplinary hearing resulting in SHU confinement, "an inmate must be afforded advance written notice of the charges against him and a written statement of fact findings supporting the disposition and reasons for the disciplinary action taken." *Kalwasinski v. Morse*, 201 F.3d 103, 108 (2d Cir. 1999) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563–64 (1974)). Additionally, subject to legitimate safety and correctional goals of the institution, an inmate should also be permitted to call witnesses and present documentary evidence. *Id.* (citing, *inter alia*, *McCann v. Coughlin*, 698 F.2d 112, 121–22 (2d Cir. 1983)). Thus, a claim for due process accrues for an inmate facing confinement in the Special Housing Unit ("SHU") when he knows or has reason to know of the deprivation of one of the foregoing due process rights to which he is entitled. *See, e.g., Scott v. Gardner*, 287 F. Supp.2d 477, 492 (S.D.N.Y. 2003), *on reconsideration in part*, 344 F. Supp.2d 421 (S.D.N.Y. 2004).

Because Campbell submitted his § 1983 complaint on November 7, 2019, any claim accruing before November 7, 2016 must be dismissed unless Campbell can show that the statute of limitations was tolled. It is undisputed that the Tier III hearing at which Campbell was allegedly denied due process took place in October 2015, more than one year beyond the period permitted by the statute of limitations. However, interpreting Campbell's papers liberally to raise the strongest arguments they suggest, it seems that he raises three arguments as to why his claim is not barred by the statute of limitations. First, he argues that the statute of limitations was tolled while he was exhausting his administrative appeals. Reply, ECF No. 18 at ¶ 5. Second, he argues that Defendant Venettozzi's decision to reverse the Tier III hearing disposition in November 2016 was

based on newly discovered evidence, and therefore "the statute of limitation clock started ticking anew." Reply at ¶ 6, 12, 19 (citing *Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007)). Third, he argues that his due process claim did not accrue until his hearing disposition was overturned in November 2016 because he was required "to recieve [sic] a favorable termination of his prison disciplinary decision before he was able to challenge the proceedings in a [§] 1983 action . . . ." Reply at ¶ 20 (citing *Heck v. Humphrey*, 512 U.S. 477 (1984)).

*Exhaustion of Administrative Remedies*

Campbell's papers suggest that the statute of limitations was tolled while he exhausted his administrative remedies. The Court agrees, but finds that even with the tolling during the exhaustion process, Campbell's claims are still barred by the statute of limitations.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [§ 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has stated that the phrase "prison conditions" in the PLRA refers to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Davis v. Barrett*, 576 F.3d 129, 131–32 (2d Cir. 2009) (citing *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Accordingly, the Second Circuit has held that the statute of limitations for a § 1983 action "must be tolled while a prisoner completes the mandatory exhaustion process" set out in 42 U.S.C. § 1997e(a). *Gonzalez v. Hasty*, 651

8

F.3d 318, 323–24 (2d Cir. 2011).

However, the documents submitted with Campbell's complaint indicate that he had exhausted his administrative remedies by January 4, 2016, more than ten months before the statute of limitations cut-off date of November 7, 2016. The Second Circuit has held that due process claims related to disciplinary hearings accrue either at the date of the disciplinary hearing or at the date the agency decides a prisoner's final administrative appeal. *Manuel v. Catlin*, No. 21-CV-0438 (LLS), 2021 WL 797647, at *4 (S.D.N.Y. Mar. 1, 2021) (citing *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007)). "Where an inmate's federal claims arise directly out of a disciplinary or administrative segregation hearing, . . . (e.g., a claim of denial of procedural due process), 'he exhausts his administrative remedies by presenting his objections in the administrative appeals process . . . .'" *Sweet v. Wende Corr. Facility*, 514 F. Supp.2d 411, 413 (W.D.N.Y. 2007) (quoting *Rosales v. Bennett*, 297 F. Supp.2d 637, 639 (W.D.N.Y.2004)). Pursuant to § 253 and § 254 of title 7 of the NYCRR, a prisoner exhausts the administrative appeals process after he appeals the Superintendent's Hearing disposition to the DOCCS Central Office Review Committee. Therefore, the Court finds that Campbell had exhausted his administrative appeal as of January 4, 2016, when Defendant Venettozzi denied Plaintiff's appeal of the Superintendent's Hearing on behalf of DOCCS. Compl. at 99.

*Article 78 Proceeding*

Campbell also argues that the statute of limitations clock "started ticking anew" when DOCCS reviewed the "new evidence" in his Article 78 brief and reversed its decision on November 16, 2016. Reply at ¶ 12. However, the filing of an Article 78 petition does

not toll the limitations period, and DOCCS' discretionary reconsideration and reversal of a disciplinary decision does not restart the statute of limitations, unless a new hearing was ordered and new evidence was received. *Abbas*, 480 F.3d at 641.

On January 12, 2016, Campbell petitioned Defendant Venettozzi to reconsider DOCCS' January 4, 2016 denial of Campbell's administrative appeal. Reply at ¶ 13. As part of that petition, Campbell included "new evidence" that supported his argument that he was unduly denied the opportunity to present witnesses in his defense. *Id*. Specifically, Campbell submitted a copy of a work log which showed that Campbell's witnesses were, in fact, available to testify at his Tier III hearing had they been called.

Nevertheless, on February 19, 2016, Defendant Venettozzi declined to reconsider his decision. Compl. at 115. Campbell does not allege facts showing that DOCCS ordered a new disciplinary hearing or received new evidence in his case. The fact that Defendant Venettozzi exercised his discretion on November 15, 2016 to reverse and reconsider the disciplinary decision *sua sponte*, does not reset the clock on the statute of limitations.[3] *Manuel*, 2021 WL 797647 at *4.

### *Heck v. Humphrey*

Lastly, the Court finds that Campbell's argument with respect to the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1984), is misplaced. In *Heck,* the Supreme Court held that "in order to recover damages for allegedly unconstitutional

---

[3] Although he does not make the argument explicit, Campbell's reply brief could be interpreted to imply that he is also entitled to equitable estoppel because Defendant Venettozzi's later reversal of Campbell's Tier III hearing disposition was a form of fraud, misrepresentation, or deception that caused Campbell to refrain from timely filing his § 1983 action. Reply at ¶ 18. That argument, too, fails because it is unsupported by any factual allegations or supplemental documentation.

conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87. However, *Heck* involved an inmate's suit for damages for what he alleged was his wrongful conviction and imprisonment, not to an inmate seeking damages for alleged deprivations in his prison disciplinary hearing. *Id.* at 487. Whereas, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement," § 1983 claims that do not require the court to find "the invalidity of any outstanding judgment against the plaintiff . . . should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 482, 487.

Indeed, it is well-settled in the Second Circuit that "where a prisoner claims a deprivation of due process in disciplinary hearings that resulted in punishment not affecting the fact or duration of his overall confinement, his § 1983 action is not barred by the fact that the disciplinary rulings have not been invalidated through administrative or judicial review." *Sims v. Artuz*, 230 F.3d 14, 24 (2d Cir. 2000) (discussing, *inter alia*, *Edwards v. Balisok*, 520 U.S. 641 (1997), a progeny of *Heck*). Campbell's punishment for the Tier III hearing disposition in October 2015 involved punishment of 180 days in SHU and the loss of privileges, but it did not involve the loss of good time credit. Therefore, because the fact and duration of Campbell's overall confinement was not affected by the challenged Tier III hearing disposition, *Heck* is not relevant to this case.

CONCLUSION

For the foregoing reasons the Court finds that, notwithstanding Campbell's arguments to the contrary, the three-year limitations period expired before Campbell gave his complaint to prison officials for mailing on November 7, 2019. Consequently, it is hereby,

ORDERED that Defendants Ranier's and D. Venettozzi's motion [ECF No. 8] is granted, and that Plaintiff Shannon V. Campbell's complaint is dismissed. The Clerk of Court is respectfully directed to close this case.

Dated:     August 06, 2021
           Rochester, New York

                                            ENTER:


                                            /s/ Charles J. Siragusa
                                            CHARLES J. SIRAGUSA
                                            United States District Judge